UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE PUBLICATION PAPER ANTITRUST LITIGATION | : : : : | Docket No.  3:04 MD 1631 (SRU) |
| THIS DOCUMENT RELATES TO: | : : | ALL ACTIONS EXCEPT: Docket No. 3:05 CV 463 (SRU) |

## DISCOVERY RULING

This consolidated litigation includes a class action lawsuit and a lawsuit brought by two individual plaintiffs ("the Individual Plaintiffs"),[1] who are also members of the putative class, though not named plaintiffs.  The defendants, who are the same in both actions, have sought discovery from the Individual Plaintiffs on issues related to class certification, that is, discovery solely on the basis of the Individual Plaintiffs' status as "absent class members" in the class action lawsuit, not their status as plaintiffs in their individual lawsuit.  Because the defendants have not made the requisite showing for obtaining discovery from absent class members, this court will not permit that discovery to take place.

**I.      Background**

Merits discovery in this consolidated litigation is currently stayed.  Discovery related to class certification, however, is proceeding in the class action component of the litigation.  As part of class certification discovery, the defendants served subpoenas on the Individual Plaintiffs seeking to compel (a) their attendance at depositions and (b) the production of documents.

---

[1] The Individual Plaintiffs are Three Z Printing Company and Nies Artcraft Companies Inc.

Though in the form of third-party subpoenas under Rule 45, the information sought by those subpoenas is virtually identical to the information that the defendants have sought from named plaintiffs in the class action pursuant to the rules governing party discovery.

After a brief exchange of letters with the defendants, the Individual Plaintiffs filed a motion to quash the subpoenas, pursuant to Rule 45(c), or for entry of a protective order, pursuant to Rule 26(c). The defendants have objected and filed their own motion to compel compliance with the subpoenas.[2]

## II.  Discussion

As a preliminary matter, the defendants argue that the Individual Plaintiffs' motion has failed to comply with the requirements of both Federal Rule 26(c) and Local Rule 37.2, which require that a party seeking a protective order must certify that it has attempted in good faith to resolve the dispute with the other party. I agree that it would have been preferable for the Individual Plaintiffs to engage in a more meaningful discussion with the defendants than appears to have occurred. Nevertheless, I decline to dispose of the motion on that ground. First, to the extent that the Individual Plaintiffs are moving to quash under Rule 45(c), there is no certification requirement under either federal or local rule, though this does not of course obviate counsels' professional obligation to deal in good faith with their adversaries. Second, and more significantly, under the circumstances, I think it more efficient to dispose of the present dispute on the merits, rather than require additional discussions between the parties.

---

[2] It does not appear that all parties supplied my chambers with courtesy copies of their memoranda in support of their motions. In the future, parties should endeavor to adhere to Practice and Procedure Order No. 5 (doc. # 152), which states: "Courtesy copies of *all* memoranda of law and any attached exhibits should be provided to chambers." (emphasis supplied).

Turning to the merits, the Individual Plaintiffs' principal argument is that, as absent class members, they should not be subject to discovery absent a compelling showing of need by the defendants. In general, that is correct. The Federal Rules of Civil Procedure do not provide for discovery from absent class members as "parties." In other words, party discovery techniques – such as interrogatories, document requests, and requests for admissions – only apply to named plaintiffs in a class action, not absent class members. Nevertheless, under the general authority provided to them in the class action context by Rule 23(d), federal courts have, on occasion, allowed such discovery to take place. *See* Wright, Miller & Kane, *Federal Practice and Procedure* § 1796.1 (collecting cases). Recognizing that such a step runs contrary to the general intention of Rule 23 to allow unnamed class members to remain passive, those courts that have allowed such discovery have required the defendant to (1) make a strong showing of the need for the particular discovery and (2) narrowly tailor its requests to its particular need, so as not to burden the absent members. *See, e.g. Laborers Local 17 v. Philip Morris*, 1998 WL 241279 (S.D.N.Y. May 12, 1998); *Town of New Castle v. Yonkers Contracting Company, Inc.*, 1991 WL 159848 (S.D.N.Y. Aug. 13, 1991).

The present situation is slightly atypical because the defendants are not seeking party discovery, but third-party discovery pursuant to subpoena.[3] As a technical matter, therefore, the source of the authority for these discovery requests is Rule 45 not Rule 23(d). I do not believe

---

[3] The fact that discovery is sought by subpoena does not deprive this court of jurisdiction to rule on the pending motions, even though the subpoenas were not issued in this district. Because this multidistrict litigation has been consolidated for pre-trial purposes, 28 U.S.C. § 1407(b) authorizes this court to "exercise the powers of a district judge in any district." *See generally In re Orthopedic Bone Screw Products Litigation*, 79 F.3d 46 (7th Cir. 1996) (discussing multidistrict transferee court's authority to rule on third-party discovery issues arising in other districts).

that this procedural difference has any practical effect. Rule 45(c)(3)(A)(iv) requires a court to quash or modify a subpoena if it "subjects a person to undue burden." Similarly, Rule 26(c) allows a court to impose a protective order if necessary to protect any person from "undue burden." I conclude that these rules impose on parties seeking third-party discovery from absent class members at least the same obligations as would apply were the discovery sought under the party discovery rules. Any other holding would allow Rule 45 to be used to end-run around Rule 23. Consequently, although the defendants here have sought discovery by subpoena, the standard that guides my decision whether to permit such discovery is the same as the standard that applies had this discovery been sought in the form of party discovery requests.

Under that standard, I find that the defendants have not made a showing sufficient to warrant taking discovery from absent class members. First, the defendants have given only the vaguest of indications why such discovery is necessary, citing to issues of commonality and typicality that would appear to apply to all class members in every class action. Second, the defendants have apparently only sought such discovery from two absent class members, and those absent class members happen to be the two plaintiffs in the individual lawsuit, a fact that raises a concern that the proposed discovery is being sought to gain a tactical advantage rather than needed information.[4] Third, there is no indication that the defendants have in any way attempted to narrow their requests to respect the Federal Rules' preference for allowing absent class members to remain passive in a class action litigation. On the contrary, the defendants acknowledge that they are requesting exactly the same documents and information from absent

---

[4] The defendants will, of course, be permitted to seek discovery from the Individual Plaintiffs in their individual case. That discovery, however, has been stayed, as has all merits discovery in this consolidated litigation.

class members as from named plaintiffs.  Accordingly, on the present showing, I am not convinced that the requested discovery is needed.

### III. Conclusion

The Individual Plaintiffs' Motion for Protective Order or Order Quashing Subpoenas (doc. # 165) is GRANTED.  The subpoenas served on the Individual Plaintiffs' are quashed.  Until the stay of merits discovery is lifted, the defendants may seek no further discovery from the Individual Plaintiffs without leave of this court.  The defendants' Motion to Compel (doc. # 170) is DENIED.

Under the circumstances of the present case, requiring payment of expenses or imposing sanctions in connection with these motions, pursuant to either Rule 37(a)(4) or Rule 45(c)(1), is inappropriate and would be unjust.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of July 2005.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge