UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE PUBLICATION PAPER ANTITRUST LITIGATION | : : : : | Docket No. 3:04 MD 1631 (SRU) |
| THIS DOCUMENT RELATES TO: | : : : : : : | NO. 3:05 CV 1267 (SRU) NO. 3:05 CV 1339 (SRU) NO. 3:05 CV 1358 (SRU) NO. 3:05 CV 1381 (SRU) |

**ORDER REGARDING DISBURSEMENT OF SETTLEMENT FUNDS**

Plaintiffs Brighid Flaherty, Stacey Hayashi, Chris Young, Heather Brittain, Barbara Aceto, Laura Sakalauskas, Arlene Andrews, Richard Pratt, Angela Votta, Ryan Allder, Beth Mahoney, Amy Manning, Sandra Farmer-Jova, Heather Jens, Jonathan M. Benfield, Timothy Spears, and Therese Armbruster (collectively "Plaintiffs"), on behalf of themselves and a conditionally certified Class of indirect end users of certain grades of Publication Paper, entered into a Settlement Agreement with defendants UPM–Kymmene Corporation and UPM-Kymmene, Inc. (collectively "UPM") to fully and finally resolve the plaintiffs' claims against UPM. On May 26, 2009, I granted the plaintiffs' motion for final approval of that settlement.

When I approved that settlement, I approved the escrow account established by the parties, and into which UPM deposited the $700,000.00 settlement proceeds, as a qualified settlement fund pursuant to Internal Revenue Code Section 468B and the Treasury regulations promulgated thereunder. I also retained jurisdiction over, inter alia, the distribution of the settlement proceeds and any awards of attorneys' fees and expense reimbursements.

I now order that the settlement money currently held in escrow be distributed in the following manner:

A. <u>Attorneys' Fees</u>

An attorney whose work creates a common fund is "entitled to a reasonable fee … taken from the fund." *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). A district court may use its discretionary powers to determine what is a reasonable and fair award from a common fund. *See, e.g., In re Combustion, Inc.*, 968 F. Supp. 1116 (W.D. La. 1997) (citing Newberg on Class Actions (3d ed.)). Plaintiffs' counsel has submitted a request for an award of attorneys' fees of $233,100, which constitutes approximately one-third of the total settlement fund amount. That request is approved.

B. <u>Incentive Award to Class Representatives</u>

Plaintiffs' counsel has requested that an incentive award of $20,000 be distributed to the class representatives. Such an award is within my discretion, and the proper amount for an incentive award is related to the "personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." *Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 124 (S.D.N.Y. 2001); *see Sheppard v. Consolid. Edison Co. of N.Y., Inc.*, 2002 WL 2003206, at *6 (E.D.N.Y. Aug. 1, 2002) (citing cases approving incentive awards). An incentive award of $20,000 is appropriate in this case.

C. <u>Payment to Class Members</u>

Plaintiffs' counsel has indicated that the aggregate amount of $76,422 should be paid to the plaintiff class members. That request is approved.

D. <u>Treble Damages</u>

Plaintiffs' counsel suggests that the remainder of the settlement funds be distributed among various charitable organizations under the cy pres doctrine. Where, as here, settlement funds remain after distribution to the plaintiffs, cy pres distribution is warranted in order to

> "put[] the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class." 2 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 10:17 (4th ed.2002) (emphasis supplied). Cy Pres means "as near as possible," and "[c]ourts have utilized Cy Pres distributions where class members are difficult to identify, or where they change constantly, or where there are unclaimed funds." *Id*. at § 10:16 n. 1. In this connection, we take note of the recent Draft of the Principles of the Law of Aggregate Litigation by the American Law Institute. With respect to the approval of settlements providing for a Cy Pres remedy, the Draft proposes a rule limiting Cy Pres "to circumstances in which direct distribution to individual class members is not economically feasible, or where funds remain after class members are given a full opportunity to make a claim." Draft § 3.08, entitled "Cy Pres Settlements."

*Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007). In assessing the proper disbursement of excess settlement funds, along with any cy pres award, I am to consider other options, including where applicable the disbursement of excess funds directly to plaintiffs. For instance, in actions such as this one brought under the Clayton Act, I am to consider whether an award of treble damages is warranted. *Id*. at 435-36. *See also In re Folding Carton Antitrust Litig.*, 557 F. Supp. 1091, 1104-07 (N.D. Ill. 1983) (recognizing the district court's discretion to consider whether excess funds in antitrust class action settlement could be awarded equitably as treble damages after claimants were paid in full).

Section 4 of the Clayton Act provides in relevant part that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

Because treble damages are available under the Clayton Act, and because I am only to authorize a cy pres award where direct distribution to individual class members is not economically feasible, I award treble damages to the class members. Accordingly, the total amount of recovery to the class members from the settlement funds is three times $76,422, or $229,266.

### E. Cy Pres Award

As discussed above, where settlement funds remain, an award under the Cy Pres doctrine is appropriate to put the remainder to its next best compensation use. Because the plaintiffs' claims here are based on antitrust injury, the next best use for the settlement funds is to disburse those funds to charitable institutions designed to guard against antitrust injury and protect consumers.

Accordingly, the remaining $217,634 should be disbursed as follows: (1) the American Antitrust Institute is awarded $175,000; (2) Public Justice is awarded $28,000 to support its Class Action Preservation Project; and (3) Consumer Watchdog is awarded $14,634. In addition, any accrued interest or refunded funds shall be awarded to Consumer Watchdog until no settlement funds remain.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of July 2009.

/s/

Stefan R. Underhill
United States District Judge